[Cite as *Ertle v. Barath*, 2011-Ohio-6080.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96650

## JOHN B.   ERTLE, JR.

PLAINTIFF-APPELLEE

vs.

## MARY BARATH

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Rocky River Municipal Court
Case No.   10 CVI 3099

**BEFORE:**   Boyle, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   November 23, 2011

**FOR APPELLANT**

Mary Barath, pro se
1127 Wagar Road
Rocky River, Ohio    44116

**FOR APPELLEE**

John B. Ertle, Jr., pro se
19443 Lorain Road, Suite 100
Fairview Park, Ohio    44126

MARY J. BOYLE, P.J.:

**{¶ 1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶ 2}** Defendant-appellant, Mary Barath, appeals a decision by the Rocky River Municipal Court denying her "motion to vacate judgment," and ordering her to pay plaintiff-appellee, John Ertle, Jr., $2,000 plus interest and costs.   We find no merit to her appeal, and affirm.

**{¶ 3}** Because this case was settled through court-ordered mediation, the record is scant.   This case originated in December 2010, when plaintiff-appellee, John Ertle,

Jr., filed a small claims complaint against Barath, alleging that he performed legal services for her and that she owed him $2,000 for the services performed.

{¶ 4} The trial court ordered the parties to attend a mandatory mediation conference with a "mediation magistrate." Barath obtained legal counsel, who attended the mediation conference with her.

{¶ 5} The mediation hearing took place on February 18, 2011. The parties entered into a settlement agreement where Barath agreed to pay Ertle $1,075 in five installments, as set forth in the agreement, to be paid in full on or before July 11, 2011. If Barath failed to pay as stated in the agreement, then she had to pay the full $2,000 to Ertle, plus interest and costs. The parties further agreed that the settlement agreement would also serve as a mutual release of any claims that one may have against the other and that the case would be immediately dismissed with prejudice.

{¶ 6} On February 22, 2011, Barath filed a pro se "motion to vacate judgment." She alleged that she felt "pressured and railroaded into a decision" that she "would never [had] made under normal circumstances." She further stated in her motion:

{¶ 7} "I have been exploited and victimized and threatened by Mr. Ertle. He was never there to defend me. I strongly disagree with this judgment. His motive was to run up a bill as high as he can go.

{¶ 8} I entered into this agreement in high distress."

**{¶ 9}** On March 7, 2011, Ertle notified the trial court that Barath had failed to pay him as set forth in the agreement. That same day, Ertle opposed Barath's motion to vacate judgment. He explained that "[n]othing improper happened: the mediator made an opening statement, the parties made their statements, and then the parties separated. At all times during all negotiations defendant was in a separate room with only her attorney. At no time after initial opening statements was the defendant even in the same room with the mediator or the plaintiff. There is no way that he could have 'pressured and railroad[ed]' her. The only person she had *any* contact with [was] her own attorney, and she does not allege any wrongdoing on his behalf."

**{¶ 10}** On March 18, 2011, the trial court denied Barath's motion to vacate judgment. It also ordered Barath to pay Ertle $2,000 plus interest and costs since Barath had not paid Ertle the first installment as set forth in the settlement agreement. It is from this judgment that Barath appeals, raising a sole assignment of error for our review:

**{¶ 11}** "The trial court abused its discretion in refusing to issue injunctive relief to remove the encroachment from the defendant-appellant's property, and to stop harassment from the plaintiff-appellee."

**{¶ 12}** This court cannot decipher what Barath is attempting to argue. Her stated assignment of error has nothing to do with what she actually argues in her brief. And after reviewing her brief, this court cannot determine what she is attempting to argue.

In her two-paragraph "law and argument" section, Barath claims that she changed her mind "and went to talk to the Judge regarding how she was forced to sign the Agreement by her Attorney and Mr. Ertle, Jr." She then states, "[t]he appellant did not changed [sic] her mind, she followed her first mind and that should be sufficient grounds to get out of a Settlement Agreement."

{¶ 13} In support of her argument, Barath cites to one case in support, *Natl. Court Reporters, Inc. v. Krohn & Moss, Ltd.,* 8th Dist. No. 95075, 2011-Ohio-731, claiming it holds: "It is within the sound discretion of the trial court to reverse the settlement agreement where the record contains some credible, competent evidence to support its findings regarding the settlement." But what this court actually stated in *Natl. Court Reporters* was:

{¶ 14} "It is within the sound discretion of the trial court to enforce the settlement agreement, and its judgment will not be reversed where the record contains some competent, credible evidence to support its findings regarding the settlement." Id. at ¶8, citing *Mentor v. Lagoons Point Land Co.* (Dec. 17, 1999), 11th Dist. No. 98-L-190.

{¶ 15} It is clear that *Natl. Court Reporters* does not stand for Barath's purported proposition, and Barath cites no other authority in support of her argument. Further, in her conclusion, Barath focuses only on the apparent reasons she was not satisfied with Ertle's legal services, but states nothing about the settlement agreement.

{¶ **16**} Ertle states that Barath "could not have been influenced at all, much less unduly influenced," by him or the mediator-magistrate because "at all times after opening statements the parties were separated and Appellant was in a separate room." In her brief, Barath admits that she "was separated into a different room."

{¶ **17**} Based on the record before us, as well as the arguments in Barath's limited brief, we find no error on the part of the trial court.

{¶ **18**} Accordingly, Barath's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR